# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN THE MATTER OF THE COMPLAINT OF GREAT LAKES DREDGE & DOCK CO., LLC, AS OWNER OR OWNER PRO HAC VICE OF A PONTOON BARGE UPON WHICH A COMPRESSOR WAS SITUATED PRAY FOR EXONERATION FROM OR LIMITATION OF LIABILITY** | **CIVIL ACTION**<br><br>**NO.**<br><br>**SECTION:**<br><br>**JUDGE:**<br><br>**MAGISTRATE:** |

## COMPLAINT FOR EXONERATION FROM
## AND/OR LIMITATION OF LIABILITY

The Complaint of Great Lakes Dredge & Dock Co., LLC, ("GLDD" and/or "Limitation Plaintiff") as owner of a pontoon barge upon which a compressor was situated ("pontoon barge") in a cause of exoneration from or limitation of liability, civil and maritime, who allege, upon information and belief, as follows:

### 1.

This is a cause of admiralty and maritime jurisdiction, as hereinafter more fully appears, brought under Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty & Maritime Claims (the "Supplemental Rules").

### 2.

At all times hereinafter mentioned, Great Lakes Dredge & Dock Co., LLC was and now is a limited liability company organized and existing under and by virtue of the laws of the State of Delaware, and was, at all times hereinafter mentioned, the owner and operator of the pontoon barge.

{N2766603.1}

3.

Prior to and at all times hereinafter described, Limitation Plaintiff exercised due diligence to make and to maintain the pontoon barge in all respects seaworthy; and at all times hereinafter described, the pontoon barge was, in fact, tight, staunch, strong, and fully and properly equipped, and in all respects seaworthy and fit and proper for the service in which the Vessel was engaged.

4.

On August 28, 2012 Hurricane Isaac made landfall just southwest of the mouth of the Mississippi River. In the days prior to landfall and in accordance with GLDD's Severe Weather Plan, GLDD moored together several pieces of equipment that could possibly be in the storm's path in the marshes of south Louisiana.

5.

However, Isaac produced an unexpected and unpredictable storm surge approximately eight feet above the water levels typically found in the marsh. As a result and despite the prior preparation, the pontoon barge allegedly broke free of its moorings and was allegedly deposited within the boundaries of Shell Island, Inc.'s oyster lease.

6.

Four days later, GLDD hired WILCO Marsh Buggies and Draglines, Inc. ("Wilco") to assist in the recovery of the pontoon barge. Wilco's corporate subsidiary, Environmental Wetlands Recovery Services, LLC ("EWRS"), was also involved in the recovery.

7.

As a result of the aforementioned removal and recovery of the pontoon barge, Shell Island Inc. alleged it has sustained damage during the period of operations to its oyster leases in Plaquemines Parish, Louisiana, located in Bay Adams, by Wilco and/or EWRS entering on the

Oyster Lease and removing the pontoon barge allegedly resulting in damage to oysters and oyster leases nearby as well as alleged destruction of and damage to portions of said water bottoms and oyster leases so as to make the leases unsuitable for oyster cultivation purposes.

8.

Limitation Plaintiff avers that neither it nor the pontoon barge or any persons or property for whom it may be responsible, in any manner, caused or contributed to the aforementioned incident, or are liable to any damages to the premises. To the contrary, Limitation Plaintiff avers that the damages were caused solely by the prior incidents of the BP Oil Spill and the Hurricane Isaac storm surge, the particulars of which will be shown at the trial of this cause and are pleaded in bar or diminution of any claim filed herein.

9.

If Shell Island, Inc. did sustain any damage to its oyster leases, it was caused by the fault of third parties for whom GLDD was not and is not responsible, including Wilco and EWRS.

10.

Hurricane Isaac was an unpredictable Act of God. GLDD is not responsible for the damages arising out this hurricane.

11.

Limitation Plaintiff avers that it is entitled to exoneration from liability for all losses, damages, and injuries occasioned, incurred, and /or sustained by reason of the aforesaid incident, and that Limitation Plaintiff has valid defenses to all such claims. In the alternative, and without admitting liability, Limitation Plaintiff avers in the event that it or the pontoon barge should be held responsible to any party or parties by reason of the matters hereinabove set forth, Limitation Plaintiff claims the benefit of limitation of liability as provided in 46 U.S.C. Sections 30501-30512 and all laws supplementary and amendatory thereto.

12.

Limitation Plaintiff avers that all losses, damages, and injuries resulting from the aforesaid incident were done, occasioned, and incurred without Limitation Plaintiff's fault and/or without Limitation Plaintiff's privity or knowledge.

13.

Wilco has filed for exoneration from or limitation of its liability stemming from its ownership of the M/V SEA LEGS. This limitation proceeding is captioned IN THE MATTER OF WILCO MARSH BUGGIES AMD DRAGLINES, INC. AS OWNER OF THE M/V SEA LEGS PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY, was given case number 2:13-cv-0538, and assigned to Judge Lance Africk.

14.

EWRS has filed for exoneration from or limitation of liability stemming from its ownership of the M/V EWRS. This limitation is captioned IN RE: ENVIRONMENTAL WETLANDS RECOVERY, L.L.C., AS OWNER AND OPERATOR OF THE M/V EWRS 7 PRAY FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY and has been consolidated with the Wilco limitation proceeding.

15.

Attached as Exhibit "A" is a true and correct copy of the state court Petition filed on behalf of the Shell Island, Inc.

16.

This Complaint is filed within six months from the date Limitation Plaintiffs received first notice of a limitable claim.

17.

The value of Limitation Plaintiff's interests in the pontoon barge allegedly involved in the casualty described above is $75,000.

18.

It is not a jurisdictional prerequisite to claim the benefits of 46 U.S.C. §30501, et seq. that security be posted simultaneously with the complaint or within six months of notice of a claim. *Guey v. Gulf Insurance Co.,* 46 F.3d 478, 481 (5th Cir. 1995).  It is within the full discretion of the district court, pursuant to Rule F(1), to direct Limitation Plaintiffs when to post security and the amount required.  *Id.*

19.

Limitation Plaintiff claims exoneration from liability for any and all injuries, deaths, losses, or damages occurring as a result of the aforesaid accident and for any and all claims therefor.  Limitation Plaintiff alleges it has have valid defenses thereto on the facts and on the law.  Alternatively, Limitation Plaintiff, without admitting but affirmatively denying all liability, claims the benefit of the limitation of liability provided for in Sections 30501, *et seq.* of Title 46 of the United States Code (46 U.S.C. App. § 30501, *et seq.*), and the various statutes supplemental thereto and amendatory thereof, and, to that end, Limitation Plaintiff will deposit with the Court, as security for the benefit of potential claimants, sufficient security upon same being determined and ordered by this Court.

20.

Should it later appear that Limitation Plaintiff is or may be liable and that the amount or value of its interest in the pontoon barge and its pending freight, as aforesaid, are not sufficient to pay all losses in full, then all claimants shall be made to share *pro rata* in the aforesaid sum of the value of the pontoon barge, saving to all such claimants any rights of priority they may have

as ordered by this Honorable Court, or as provided by the aforesaid statutes, by the Federal Rules of Civil Procedure, including the Supplemental Rules, the general maritime law, and by the rules and practices of this Honorable Court.

21.

All and singular the premises are true and within the jurisdiction of the United States and of this Honorable Court as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

WHEREFORE, Limitation Plaintiff prays that:

(1)     This Court issue an Order approving the dispensation from security by Limitation Plaintiff until this Court so orders;

(2)     This Court issue a notice to all persons asserting claims with respect to which this Complaint seeks exoneration or limitation, admonishing them to file their respective claims with the Clerk of this Court and to serve on the attorneys for Limitation Plaintiff a copy thereof on or before a date to be named in the notice, and that if any claimant desires to contest either the right to exoneration from or the right to limitation of liability, such person shall file and serve on the attorneys for Limitation Plaintiff an answer to this Complaint on or before the said date, unless his or her claim has included an answer, so designated;

(3)     This Court enjoin the further prosecution of any and all actions, suits, and proceedings already commenced and the commencement or prosecution thereafter of any and all actions, suits or proceedings, of any nature or description whatsoever in any jurisdiction against Limitation Plaintiff and/or against the pontoon barge to recover damages for or in respect of any loss, damage, injury, or deaths occasioned or incurred as a result of the aforesaid accident;

(4)     This Court adjudge that Limitation Plaintiff is not liable to any extent for any injuries, losses, deaths, or damages occurring as a result of the accident, or for any claim therefor in any way arising out of or resulting from the aforesaid accident;

(5)     The Court in this proceeding will adjudge that Limitation Plaintiff is not liable to any extent for any injuries, losses, deaths, or damages occurring as a result of the accident, or for any claim whatsoever in any way arising from or in consequence of the aforesaid accident; or if Limitation Plaintiff shall be adjudged liable, then that such liability be limited to the amount or value of Limitation Plaintiff's interests in the pontoon barge and its pending freight, as aforesaid, at the end of the voyages on which they were engaged at the time of the accident, and that Limitation Plaintiff be discharged therefrom under the surrender of such interests and that the money surrendered, paid or secured to be paid, as aforesaid, be divided *pro rata* according to the hereinabove mentioned statutes among such claimants as may duly prove and claim in accordance with the provisions of the Order hereinabove prayed for, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered, discharging Limitation Plaintiff from all further liability; and

(6)     Limitation Plaintiff may have such other, further or different relief as may be just in the circumstances.

Respectfully submitted,

/s/ Jefferson R. Tillery
JEFFERSON R. TILLERY (# 17831)
STEPHEN H. CLEMENT (# 34850)
JONES, WALKER LLP
201 St. Charles Avenue - 47th Floor
New Orleans, Louisiana 70170-5100
Telephone:  504-582-8616
Facsimile:  504-589-8616

jtillery@joneswalker.com
 sclement@joneswalker.com
*Attorneys for Limitation Plaintiff,*
*Great Lakes Dredge & Dock Co., LLC*